Judge Pauley

**09 CIV 7673**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

HARTFORD INSURANCE COMPANY OF THE
MIDWEST a/s/o 454 Equities LLC,

                Plaintiff,

-against-

TPC II CONTRACTORS INC.,

                Defendant.

------------------------------------------------------------ x

Case No.: ___ Civ. ___ ( )

**COMPLAINT**

**Jury Trial Demanded**

RECEIVED SEP 03 2009 U.S.D.C. S.D.N.Y. CASHIERS

      Plaintiff, Hartford Insurance Company of the Midwest, by its attorneys Robinson & Cole LLP, as and for its complaint against the defendants alleges as follows.

### Background

    1.    This is a subrogation action by plaintiff Hartford Insurance Company of the Midwest ("Hartford"), the first party property insurer of 454 Equities LLC ("454 Equities").

    2.    Hartford has paid to 454 Equities a total of $262,854.82 (including the insured's $10,000 deductible) in connection with two losses sustained by it on January 1, 2009 and January 17, 2009 (the "Loss") arising out of water damage at an eight story apartment building located at 454 Manhattan Avenue, New York, New York 10026 (the "Building").

    3.    This action is brought against the plumber on the job, defendant TPC II Contractors Inc. ("TPC II") because its actions caused the damage to the Building.

### Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 USC §1332 as the action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 USC §1391(a).

### The Parties

6. At all relevant times herein, Hartford was a corporation organized under the laws of the State of Indiana with its principal place of business in Hartford, Connecticut.

7. Hartford was the first party property insurer of 454 Equities under policy no. 12MSVU7382 for the period May 15, 2007 through May 15, 2009 (the "Policy").

8. Pursuant to the Policy and relevant law, Hartford having paid amounts pursuant to the Policy in connection with the Loss, is subrogated to all of 454 Equities' rights and is entitled to pursue claims against parties which may have caused or been responsible for the Loss.

9. Upon information and belief, at all relevant times herein, defendant TPC II Contractors Inc. was and still a corporation duly organized and existing under the laws of the State of New York with its principal place of business in Brooklyn, New York.

### The Loss

10. At the time of the Loss, the Building was undergoing renovation work, which included the installation of a sprinkler system and the installation of so called PTAC units in each of the apartments. A PTAC unit is an individual heating and cooling unit and stands for Packaged Terminal Air Conditioning. The air conditioning portion is self contained, and the heating portion utilizes hot water delivered from a central building boiler via copper plumbing lines.

2

11. On or about January 1, 2009, during testing of the sprinkler system, the system developed numerous leaks throughout the Building which were due to improperly installed fittings by TPC II.

12. The amount paid by Hartford in connection with that loss was a total of $54,903.08 (including the insured's $5,000 deductible).

13. On January 17, 2009 a new series of leaks occurred in the Building; this time they were caused when copper fittings to various PTAC units located throughout the Building burst, having frozen due to low outside temperatures.

14. Prior to that date, TPC II had charged the system with water and tested it, but TPC II failed to drain the system to protect it from the winter temperatures since the building was not been occupied at this time and therefore was not heated.

15. Hartford paid a total of $217.951.74 (including a $5,000 deductible), to its insured on account of the January 17, 2009 water damage.

16. Accordingly, the total amount paid by Hartford on account of the two separate water incidents was $262,854.82 (including the insured's $10,000 deductibles).

### Claim for Relief
### (Negligence)

17. Hartford repeats and realleges the allegations contained in paragraphs 1 through 16 as though fully set forth at length herein.

18. The defendant had a duty of reasonable care to insure that the installation and testing of the sprinkler system and testing of the PTAC units were done in such a manner as not to cause damage to the Building.

3

19. The defendant, through its agents, servants, representatives and employees, breached its duty of reasonable care by failing to properly install the sprinkler system and monitor the system during testing and also by failing to drain the PTAC units after testing in order to protect them from freezing temperatures.

20. Defendant's conduct was the direct and proximate cause of the Loss.

21. Hartford has been damaged in the amount of $262,854.82.

**WHEREFORE**, the plaintiff demands judgment as follows:

I. On its claim for relief, the amount of $262,854.82, plus interest on the relevant amounts from January 1, 2009 and January 17, 2009;

II. The costs and disbursements of this action; and

III. Such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
September 2, 2009

ROBINSON & COLE LLP

BY: _____
MICHAEL B. GOLDEN (MG-0633)
Attorneys for Plaintiff
885 Third Avenue, Suite 2800
New York, New York  10022
212-451-2900